UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
U.S. DISTRICT COURT
DISTRICT OF VERMONT
      FILED
2017 APR 17 AM 10:51
      CLERK
BY___/AW/___
      DEPUTY CLERK
```

THOMAS BRYAN,

PLAINTIFF

V.                                   CASE # 5:16-cv-157

LISA MENARD, SHANNON MARCOUX,

GREG HALE, DR. STEVEN FISHER,        JURY TRIAL DEMANDED

JANE DOE/JOHN DOE OF CORRECT CARE

SOLUTIONS,

DEFENDDANTS,

## I. AMENDED COMPLAINT

1) This is a Civil Action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Sections 2201 and 2202. Plaintiffs' claim for injuctive relief are authorized by 28 U.S.C. Sections 2283 and 2284 and Rule 65 of the Federal Rules Of Civil Procedure.

2) The District of Vermont is an appropriate venue under 28 U.S.C. Section 1391 (b)(2), because it is where the events given rise to this claim occured.

## II. PLAINTIFF

3) Plaintiff, Thomas Bryan, Pro Se in this matter is and was at all times mentioned herein a prisoner of the State of Vermont, in the care and custody of the Vermont Department of Corrections, (hereafter VTDOC). Plaintiff is currently confined in the

-1-

Northern State Correctional Facility in Newport, Vermont.

### III. DEFENDANTS

4) Defendant Lisa Menard, in her individual capacity, is legally responsible for the overall operation of the VTDOC, and each institution, under its jurisdiction, including Northern State Correctional Facility in Newport, Vermont, (hereafter known as NSC ), and North West State Correctional Facility in Swanton, Vermont, (hereafter known as NWSCF). Defendant Menard did in fact ignore the Plaintiffs Complaint in a Grievance #7 form which she was supposed to answer, but neglected to do so. Defendant Menard has the power and the means to rectify the Medical complaints and neglect that the Plaintiff was going through, but chose to ignore it completely and never return a decision as VTDOC Grievance policy clearly states she is supposed to.

5) Defendant Shannon Marcoux, in his individual capacity is legally responsible for the overall day-to-day operation at NSCF, and he is to execute all policies to ensure the Policies are in fact followed. Defendant Marcoux did in fact ignore the Plaintiffs' complaints when the Plaintiff utilized the VTDOC Grievance protocol as directed in VTDOC policy # 320.01. Defendant Marcoux <u>did</u> <u>not</u> investigate Grievance #2, he only just put his signature on it. Defendant Marcoux had the power and means to rectify the Medical complaints and neglect that the Plaintiff was going through, but chose to ignore it totally.

6) Defendant Greg Hale, in his individual capacity, is legally responsible for the overall day-to-day operations at NWSCF, and he is to execute all policies to ensure the Policies are in fact being followed. Defendant Hale had the power and the means to rectify the Medical complaints and neglect the Plaintiff was going through but chose to ignore it totally, and instead when the Plaintiff started filing Grievances alleging neglect by Medical personnel, Defendant Hale chose to make up behavior that was far more worse then reality and put the Plaintiff in segregation at his facility, and remove him from his facility all together by transferring Plaintiff to NSCF and removing the Plaintiff from Programming that has to be completed before the Plaintiff can be released to the community. On an August 12th, 2015 grievance #1 response from medical department there was in fact a Appointment made for the Plaintiff and the Plaintiff was on a <u>MEDICAL HOLD AT NWSCF,</u> but Defendant Hale ignored that and had the Plaintiff moved to another facility anyway.

7) Dedendant Steven Fisher, MD., in his individual capacity, is legally responsible that his patients be treated fairly and unbiased. Defendant Fisher is a Licensed Doctor with the Board of Medicene in Vermont, and he is under contract with the VTDOC to provide all inmates with medical care and is the supervisor of many Providers, Medical Personnel across the state of Vermont, and it was within his power and control to rectify the constant and continuos issues resulting from Plaintiffs' Ruptured Ear Drum, but was deliberately indifferent and did nothing to follow a Specialists orders that Defendant Fisher himself, authorized and sent the Plaintiff to see on 3 different occasions. The

Defendant Fisher originally sent the Plaintiff to see an Ear, Nose & Throat Specialist, (hereafter ENT), as a Ruptured Ear Drum was beyond the Defendants scope of Medical Training.

8) Jane Doe/ John Doe Regional Medical Director for Correct Care Solutions, (hereafter CCS), in his/her individual capacity was legally obligated and responsible to give Medical care to all Vermont prisoners as they were under contract with the VTDOC. In this case, Defendant Jane/John Doe, (CCS) knew of their responsibility to provide proper medical care to ALL VTDOC prisoners but was delieberately indifferent and neglected the Plaintiffs' well being and clear documented injury.

9) Each of the Defendants Lisa Menard; Shannon Marcoux; Greg Hale; Steven Fisher MD.; Jane/John Doe (CCS), are being sued in their **INDIVIDUAL CAPACITY**. At all times mentioned in this complaint, each of the listed Defendants acted under the color of state law.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10) Plaintiff, Thomas Bryan did in fact exhaust all of the administrative remedies available to him by filing the proper Grievances pursuant to VTDOC Grievance Policy 320.01 on the following dates:

-Grievance #1 filed on August 11th, 2015 where Plaintiff felt that Medical Staff were doing what they were supposed to do from actual response on August 12th, 2015. No other grievances filed at that time.

-Grievance #1 filed on January 16th, 2016- No response to this was given to Plaintiff within said 48 hour response time per Grievance Policy 320.01 dictates.

-Grievance #2 Filed on January 19th, 2016- This grievance was assigned to Tina Bowen, RN/HSA for Centurion of Vermont. The investigation deadline was February 5th, 2016.

- Grievance #5 Filed on February 9th, 2016- after no response from the deadline by Tina Bowen RN/HSA.

-Grievance #7 Filed on March 7th, 2016- after no response from VTDOC Department Hearings Administrator or Medical Services within Grievance Policy guidelines and said Deadlines.

Defendant Lisa Menard never responded to the Grievance #7 as VTDOC Policy dictates she was supposed to. Request form that is attached to this filing clearly shows Grievances were in fact sent, but not responded to. Plaintiffs Mail Log will also back up this claim of no responses from the proper people.

## V. STATEMENT OF CLAIM

11) At all times herein, Defendants were "PERSONS" for the purposes of 42 U.S.C. Section 1983 and acted under color of law to deprive the Plaintiff of his Constitutional Rights, as set forth more fully below.

## VI. STATEMENT OF FACTS

12) On or about the end of October 2014, to the earliest part of November 2014, while in the custody and care of the Defendant Lisa Menard, Plaintiff had requested through sick call procedure to have ears cleaned as Plaintiff was having left ear pain. After not hearing back from Medical personnel as Policy dictates, the Plaintiff uses a Q-tip just barely inside the opening of his ear canal in an attempt to remove some of the wax that was causing Plaintiff left ear pain. Plaintiff was finally called to see

-5-

Medical Personnel. Triage Nurse Joann Erdman then after an examination of Plaintiffs left ear, Nurse Erdman informed the Plaintiff that she believed that Plaintiff had a Ruptured Tympanic Membrane, (ruptured ear drum). Nurse Erdman informed me she believed the rupture was the cause of my ear pain. The Nurse said it would heal on its own in a few months. Allegedly, I was placed on a Provider list at that time but never saw a Provider til several months later. Nothing was given to Plaintiff for pain that I was complaining about.

13) After many months of constant ear pain, I put in another sick call slip into Medical Personnel. Upon being examined, it was explained to me that the rupture had in fact NOT healed. I complained that I believed that I was beginning to lose hearing in my left ear. Nothing was done about the pain I was still experiencing, nor was it discussed other then my request for something to be given to me for the pain.

14) Approximately one(1) month passed, Plaintiff woke up crying and in tremendous excruating pain. An odd colored fluid was leaking out of my left ear. I informed the NWSCF Unit Corrections Officer Joanne Quimby about what was going on, she contacted Medical personnel. Plaintiff was sent to see the Medical staff. After being examined, Medical Staff explained that I had a severe ear infection. Medical Provider that the Plaintiff saw that day ordered <u>neomycin</u> ear drops.

15) On or about July 9th, 2015, I was seen by NWSCF Medical Provider Susan Hetman, MD., stated ear drum would not heal on its own and I would need to have it surgically repaired. She also informed me that an appointment would be made ASAP with an Ear, Nose & Throat Specialist (hereafter ENT). Provider seemed genuinely concerned about the possibility of permanently losing

my hearing, if surgery was not done soon. Complaints of loss of some hearing voiced to this Provider.

16) On or about August 11th, 2015, after complaining over and over again about the pain I was in, and the loss of hearing, and how Plaintiff felt that nobody was doing anything to rectify my Medical issues, I believed the Medical staff were unwilling to do anything, so my next step was to use the VTDOC Grievance Procedure in hopes to rectify said issue with my left ear. Centurion of Vermont Medical staff were neglecting the Plaintiffs **SERIOUS MEDICAL NEEDS**. On August 12th, 2015, Plaintiff received response to his Grievance #1. The response was that I was seen on 07-09-2015 by NWSCF Medical Provider, that an ENT referral was placed and approved to schedule appointment. Outside ENT appointment was scheduled and Pt. would not be made aware of date or time for this appointment.

17) On September 10th, 2015, prior to being seen by ENT, and against **MEDICAL HOLD** that was placed on me, I was transferred from NWSCF to NSCF. Upon my arrival at NSCF, I verbally informed Medical Staff of alleged appointment while I was at NWSCF. I followed this up with a sick call request stating the same.

18) On or about October 8th, 2015, Plaintiff was transported in handcuffs and leg irons by Correctional Officer Scott Morley from NSCF to see ENT Specialist Dr. Paul Julien at his practice in Newport, Vermont. Dr. Paul Julien confirmed Centurion of Vermonts medical diagnosis of a ruptured tympanic membrane, (ruptured ear drum). He also noted drainage in left ear from current infection. He made a written order to "avoid neomycin drop", use cipro drops or floxin in case of suppation; and follow up in 2 months. Dr. Paul Julien gave Correctional Officer Scott Morley paperwork with his order

-7-

his orders written on it. Correctional Officer Morley gave it to Medical personnel upon return to NSCF. Several days late I saw visually that the order from Dr. Paul Julien was in fact in Centurion of Vermonts' database under my name.

19) On or about December 20th, 2015, after filling out a Centurion of Vermont sick call request, and being seen by Medical personnel, I questioned why I had not been returned to see the ENT Dr. Paul Julien as his written order had stated, I was informed that due to unknown Medical personnels error, the follow up appointment ordered by the ENT was not made and I was informed that the many month process to get a referral and to see an ENT would have to start over. This was due to Unknown Centurion of Vermont Medical Personnel failing to do their assigned job, and allowing my serious medical needs to be neglected.

20) On or about December 30th, 2015, I met with Centurion of Vermonts' Regional Medical Director/ Defendant Steven Fisher, MD. for a quarterly Chronic Care Checkup. During this examination Defendant Fisher, and I spoke about several concerns I was having with my health. Defendant Fisher had advised me that they yet had received records from my office visit with Dr. Julien from October 2015, and I needed to sign another Release of Information (ROI), and once filed were obtained from Dr. Julien, he would review them and then possibly schedule another appointment. This was yet another time the orders written in October 2015, by an ENT Specialist that Defendant Fisher, approved for me to go to were ignored.

21) On or about January 16th, 2016, I again followed the VTDOC Grievance policy, and I filed a Grievance #1 against Centurion of Vermont Medical staff claiming neglect due to inadequate medical staff responses and /or treatment, which allowed a ruptured ear drum to continually be infected, and allowing me to continue on a downhill spiral of hearing loss in my left ear. By Centurion of Vermont Medical personnel neglecting the seriousness of my injury I continually have tremendous daily pain, which the Medical personnel do nothing about it. After following the Grievance policy guidelines, I filed a Grievance #2 approximately 3 days later on January 19th, 2016 @2140 hours which was signed for by Correctional Officer Laurie Eastman, and submitted the form properly. The Grievance #1 was never answered as policy does in fact dictate. Grievance #2 was assigned to be investigated by Tina Bowen RN/HSA for the medical department. Investigation deadline was February 5th, 2016, but this date came and went without response as VTDOC Grievance policy clearly dictates and outlines as is to be answered. This is a clear violation of my due process rights as an Inmate in VTDCO custody.

22) On or about February 9th, 2016, after waiting additional time for a response to grievance #2 from Tina Bowen RN/HSA, and not getting one, I proceeded to follow the proper process and filed a Grievance #5 with the VTDOC Department Hearings Administrator Dave Turner, as directed per grievance policy. My facility mail log does in fact reflect this mailing to the proper people for VTDOC. Also included NSCF request form shows it was mailed.

23) After deadline long expired for Ms. Bowen to respond to the Investigation deadline, I finally received the Grievance #2 response on February 16th, 2016. Ms. Bowen recommended that the Grievance be dismissed due to evaluation/treatment by ENT referral submitted. Grievance Coordinator for NSCF Joe Silvestri made comment, "Meritorious in Part", and "Inmate has pending appointment". Defendant Marcouxs' decision was, "Awaiting Appointment". This form (grievance #2 response) was dated February 16th, 2016, and was forwarded to this Honorable Court in original filing in 2016.

24) Defendant Marcoux has a responsibility to ensure all inmates safety, and is manager of day-to-day activities at NSCF and is to ensure all inmates are treated fairly, to be seen by Medical personnel when and as needed, and that all policies are followed.

25) After waiting the required time frame for a response to a Grievance #5 without response, I moved on to the next step of the Grievance process and filed a Grievance #7. The response deadline for grievance #5 was March 7th, 2016. On March 18th, 2016, Business office personnel at NSCF Amy Tardif responded to a written NSCF request from me, stating that the 2 letters I had sent to Waterbury address, were sent out in Facility Central Office envelope, they should be there by now, as envelope goes out daily. This document which is included in this filing proves documents per VTDOC Grievance Policy 320.01, were indeed followed and sent to the proper people. Mail Log for Plaintiff also confirms this.

26) After waiting the required time for response to Grievance #7 by Defendant Menard, I believed that nothing was going to be rectified by the Grievance process, So I exhausted all administrative remedies, per PLRA, and moved on to file 42 U.S.C. Section 1983.

## VII. PREVIOUS LAWSUITS BY PLAINTIFF

27) Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## COUNT ONE: BREACH OF DUTY TO PROTECT

28) Defendant Menard excercised deliberate indifference to the Plaintiffs' health and safety by failing to protect him from Prison Medical Neglect even though she had in fact been informed of the mistreatment by Medical staff through the Grievance process, which was clearly a threat to the Plaintiffs' health and safety. Defendant Menard received request via Grievance #7 in writing from Plaintiff and refused to act upon the claims of medical neglect.

29) Defendant Marcoux excercised deliberate indifference to Plaintiffs' health and safety by failing to protect him from Prison Medical neglect even though he had been informed of the mistreatment by Medical staff through the Grievance process, which was a clear threat to the Plaintiffs' health and safety. Defendant Marcoux chose not to step in and rectify Plaintiffs' complaints about medical care and was notified in writing when Defendant Marcoux signed Investigation of Grievance #2 by Tina Bowen RN/HSA in February 2016.

30) Defendant Hale excercised deliberate indifference to the Plaintiffs' health and safety by failing to protect him from Prison Medical neglect, even after he was informed of medical mistreatment by Medical staff at his facility. Defendant Hale chose not to step in and rectify or enforce Plaintiffs' legal right to proper medical care.

31) As a result of deliberate indifference excercised by the aforementioned Defendants, Plaintiff suffered serious harm at the hands of the Defendants. Plaintiff sustained serious Physical, emotional and mental anquish, including a ruptured ear drum, repeated infections of puss and bloody discharge, as well as constant pain from injury and continued permanent hearing loss. Plaintiff will be hearing impaired for the remainder of his life due to this neglect by all Defendants.

## COUNT TWO: FAILURE TO ADMINISTER ADEQUATE MEDICAL REMEDY

32) Defendant Dr. Fisher excercised deliberate indifference to Plaintiffs' health by failing to provide adequate Medical care to him following report of pain in ear and subsequently a Ruptured ear drum. Defendant Dr. Fisher intentionally did not approve a referral, nor an appointment for several months after Plaintiffs' repeated complaints of being in constant pain. Defendant Dr. Fisher refused repeated requests not only from the Plaintiff, but his own Medical Providers about follow-up care to see ENT Dr. Paul Julien. Instead, Defendant Dr. Fisher, ignored Plaintiffs complaints which had led to more serious issues of hearing loss.

33) As a result of Defendant Dr. Fishers' deliberate indifference to Plaintiffs' condition, Plaintiff suffered further pain and mental anquish. Plaintiff continued to suffer from general pain throughout the left side of his head, and Plaintiff was refused any time of medication even after repeated requests. In addition, Plaintiff was unable to hear properly out of his left ear.

## COUNT THREE: RETALIATORY TREATMENT FOR FILING SECTION 1983 CLAIM AND FOR FILING GRIEVANCES

34) Almost immediately after Plaintiff began filing grievances Defendant Hale had Plaintiff put in segregation wrongly, then the Defendant Hale ordered Plaintiff to be removed from program, unfairly and wrongly. Once Plaintiff filed Section 1983 claim, Defendant Hale again had Plaintiff placed in Segregation. The Plaintiff was again removed from the Program he is ordered to attend and complete. Plaintiff was supposed to be removed only for a period of 6 months which began in August of 2016, but the Plaintiff has been out over 8 Months as of this filing of Amended Complaint, without any Disiplinary reports since August 2016, but still is being punished.

35) These acts represent a pattern of events demonstrating intentional retaliation against the Plaintiff by Defendants for filing Grievances and a Civil Action and have caused the Plaintiff further mental anquish as a result. The retaliation done several time by the Defendants have extended Plaintiffs' stay incarcerated as he has to finish programming before he will be released.

WHEREFORE, Plaintiff Thomas Bryan prays for judgment in his favor and damages in his favor against all Defendants in an amount sufficent to compensate him for his pain and mental anquish suffered by him due to the deliberate indifference and intentional misconduct of the Defendants, but in no event less than $1,000,000.00 for each Defendant together with any Attorneys fees and costs, and such additional relief as this Honorable Court may deem just and proper.

Respectfully submitted,

_____

Thomas Bryan Plaintiff

CC: Clerk of Court

Attorney Pamela Eaton

Attorney Barnard

Plaintiffs Record

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

THOMAS BRYAN

PLAINTIFF

    V.

LISA MENARD, SHANNON MARCOUX,

GREG HALE, STEVEN FISHER, MD.,

JOHN/JANE DOE (CCS)

DEFENDANTS,

CASE NO.5:16-cv-157

April 12th, 2017

    NOW comes the Plaintiff Thomas Bryan and hereby certifies that all information enclosed in this Amended Complaint is true to the best of his knowledge. Plaintiff Thomas Bryan also certifies that a copy of this filing is being sent to the Attorneys of record in this matter, Attorney Eaton and Attorney Barnard. Also Plaintiff Thomas Bryan certifies that a copy is being sent to this Honorable Court as well.

Respectfully Submitted,

_____
Thomas Bryan Plaintiff

4/12/17
DATE

_____ 2-10-19
NOTARY PUBLIC     Exp Date