UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Thomas Howard Bryan,

      Plaintiff,

          v.                        Civil Action No. 5:16-cv-157-gwc-jmc

Lisa Menard, Steven Fisher,
Shannon Marcoux, Greg Hale, and
Jane or John Doe as Regional Medical
Director for Correct Care Solutions,

      Defendants.

## REPORT AND RECOMMENDATION
(Doc. 52)

Plaintiff Thomas Bryan, proceeding *pro se*, brings this action under 42 U.S.C. § 1983, alleging that he was denied medical care for a ruptured tympanic membrane (eardrum) in violation of the Eighth Amendment, and retaliated against for filing grievances and the instant lawsuit, while in custody of the Vermont Department of Corrections (DOC). (*See* Doc. 72.) In a Second Amended Complaint, Bryan names DOC Commissioner Lisa Menard, Northern State Correctional Facility (NSCF) Superintendent Shannon Marcoux, Northwest State Correctional Facility (NWSCF) Superintendent Greg Hale, Centurion Regional Medical Director Dr. Steven Fisher, and the Regional Medical Director of Correct Care Solutions as defendants in their individual capacities. (*Id.* at 2–4.) Bryan seeks declaratory relief (*id.* at 1), compensatory relief for his pain and suffering in an amount of at least $1 million "for each Defendant," and any additional relief that the Court may deem appropriate (*id.* at 14).

Menard, Marcoux, Hale, and Fisher (hereinafter Defendants[1]) moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 52), seeking to dismiss Bryan's First Amended Complaint (Doc. 20), prior to the filing of Bryan's Second Amended Complaint (Doc. 72).  Defendants argue that they are not "persons" subject to suit under 42 U.S.C. § 1983 to the extent they are sued in their official capacities, and that Menard, Marcoux, and Hale were not personally involved in the allegedly unconstitutional medical treatment.  (*Id.* at 3–6.)

Because Bryan has since filed a Second Amended Complaint, I recommend that Defendant's Motion be DENIED as moot.  The Second Amended Complaint supersedes and completely replaces both Bryan's original Complaint (Doc. 4) and the First Amended Complaint (Doc. 20), making these documents null, void, and of no legal consequence. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); (*see also* Doc. 68 at 5).  In the Second Amended Complaint, Bryan has made numerous changes to his original suit, including suing Defendants in their individual, rather than their official capacities, and adding new claims such as retaliatory treatment.  Accordingly, I recommend that Defendant's Motion for Judgment on the Pleadings be DENIED as moot, without prejudice to renew.

Dated at Burlington, in the District of Vermont, this 20th day of April, 2017.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

---

[1] Defendants' Motion was filed on behalf of all defendants except for Correct Care Solutions, which was initially named as a defendant.

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).